SNEED, J.,
delivered the opinion of the Court.
The plaintiffs below declared upon an account for merchandize against defendant for fifteen hundred and *176 sixty-two dollars and ninety-two cents, to which defendant filed a plea of nil clebet.
The plea was in the form following: “ The defendant, John A. Burke, by attorneys, comes and says that he’does not owe the said above sum in the plaintiffs’ declaration mentioned, or any part thereof. And the said plaintiffs are hereby notified and required to produce their books containing the account of all transactions between the plaintiffs and defendant, John A. Burke, and the said plaintiffs are specially notified and required to produce the originals of the items of account dated January 11th, 1867, to the debit of Burke, Marr & Kinsolving, and filed with the declaration in this cause; and true copies of all original bills rendered, showing said items and accounts just as they were originally rendered. Weight & McKissice,
For Burke.”
Underneath this plea and notice- were written the words “Replication and Issue,” signed by the plaintiffs’ attorneys, Clapp, Vance & Anderson, aud a memorandum of the clerk that this pleading was filed on the 9th of February, 1867. The trial of the cause was had at the May Term of the court, and resulted in a verdict and judgment against the defendant for sixteen hundred and eighty-eight dollars and eighty-eight cents; from which- the defendant appealed in error.
The books and bills thus demanded in the notice were not produced at the trial. The defendant offered to read the notice embodied in the plea to the jury upon the trial, which the court would not permit him to do, -upon the ground that no legal service of the *177 notice had been shown. There was proof on the part of the plaintiffs that the defendant had at one time-admitted the justice of the account'; but one of the-grounds assumed on his motion for a new trial was,, that he was surprised by the ruling of the court in, rejecting the notice because service had not been, proven; and that to show that it was material andi important to his defense to have the books, bills and drafts mentioned “ present in court,” .or that “ he be-permitted to introduce secondary evidence ” of their-contents, he read an affidavit which he had filed on an application for a continuance, to show that there were other firms dealing with the plaintiffs, some of whom have been the ’former partners of the defendant,, and that the goods sued for in this action had been purchased by those other firms; and that if he had acknowledged the account as correct and promised to. pay the same, he was then ignorant of the facts, and expected to show by the items themselves that he was-not bound to pay them.
The question is, whether the notice to produce the books and papers was sufficient in law without an actual formal service thereof. It is not our province to speculate as to the effect of their non-production upon the rights of the defendant. And it can scarcely be assumed that the plaintiffs, by their attorneys, had not had actual notice through defendant’s plea for more than twelve months that these books, drafts and bills would be required upon the trial of the cause. In the absence of any statutory or common law rule upon the subject, we must hold this notice to be suf *178 ficient. We have no established practice in this State, and we are aware of none elsewhere, regulating the service of notice in such cases. In some of the books the plan of filing a notice with the plea as in this case, seems to be commended: 2 Phil. Ev., 191.
In general the notice to produce papers should be in writing: 2 Stark Ev., 19. But it may be by parol: 1 Campb., 440. It should describe the papers with sufficient . certainty, and may be given to the party or his attorney: Ry. & Mo., 341; 2 Term, 203; Ry. & Mo., 327; 1 Moo. & Malk., 96.
Another rule is, that the party called upon to produce papers, must have a reasonable time allowed him: 1 Stark., 283.
And there can be no doubt of the power of the court upon a valid notice to produce books and papers essential to the attainment of justice, to enforce their production, if within the control of the party. It is said in this case that the defendant did not offer to produce any secondary evidence of the contents of the books demanded. We are not advised by the record what he might have done in this respect, if he had not been prevented by the ruling of the court from laying his legal ground for so doing.
Let the judgment be reversed and a new trial awarded.